UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-01075 PA (SHKx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | Chris Langer v. Steve R. Anaya et al | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is an Application for Default Judgment filed by plaintiff Chris Langer ("Plaintiff") against defendant Steve R. Anaya ("Defendant"). (Docket No. 22 ("Mot.").) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 6, 2019, is vacated, and the matter taken off calendar.

**I.      Background**

Plaintiff is a paraplegic who cannot walk and uses a wheelchair for mobility. (Compl. ¶1.) He has a disabled person parking placard issued by the State of California and drives a specially equipped and modified van that deploys a ramp so that he can wheel in and out of his vehicle. (Id.) Plaintiff "needs the full 'van accessible' access aisle in order to safely transfer to and from his van." (Mot. at 5.) On June 2, 2019, Plaintiff visited The Rock Bin located at 33020 Dowman Street, Lake Elsinore, California. (Id.) Defendant owns the real property where The Rock Bin is located. (Compl. ¶2.) When Plaintiff arrived, he found that the parking lot had no designated parking spaces reserved for persons with disabilities. (Mot. at 5.) There was also no parking space with a designated access aisle to deploy the ramp from his van. (Id.) Finally, Plaintiff noticed there was a small step at The Rock Bin's entrance "that would have created difficulty for his wheelchair." (Id.) Plaintiff's investigator visited The Rock Bin on June 5, 2019 and inspected the site. (Id. at 6.) He found that there was no marked parking space for persons with disabilities and no parking space with an access aisle. (Id.) The investigator also found there were steps from the parking lot to the store entrance that measured 1 inch and 1.6 inches. (Id.) Plaintiff alleges he has been deterred from visiting The Rock Bin due to the lack of accessible parking and path of travel to the store entrance. (Id.) Plaintiff alleges he will return to The Rock Bin when it has been made accessible. (Id.)

On June 11, 2019, Plaintiff filed a Complaint against Defendant. (Docket No. 1.) The Complaint raises two claims for relief: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and (2) violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. Plaintiff seeks injunctive relief compelling Defendant to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act; damages under the Unruh Civil Rights Act, which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-01075 PA (SHKx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | Chris Langer v. Steve R. Anaya et al | | |

provides for actual damages and a statutory minimum of $4,000 for each offense; and reasonable attorney fees, litigation expenses, and costs of suit. (Mot. at 7.) According to the Proof of Service filed by Plaintiff, Defendant was served by personal service on September 15, 2019. (Docket No. 15.) Defendant did not timely file an answer and has not otherwise appeared in this action. Upon Plaintiff's request, the Clerk entered Defendant's default on October 10, 2019. (Docket Nos. 18, 20.) Plaintiff then filed this Application for Default Judgment on November 12, 2019. (Docket No. 22.) To date, despite being served with notice of this Application, Defendant has not filed an opposition.

On August 7, 2019, the Court ordered Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim and any other state law claim asserted in the Complaint. (Docket No. 10.) Plaintiff filed a Response to the Order to Show Cause on August 21, 2019. (Docket No. 11.) The Court, in its discretion, declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and any other construction-related accessibility claim arising from state law. (Docket No. 12.) The Court concluded that "exceptional circumstances" and "compelling reasons" support the Court's decision to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim under 28 U.S.C. § 1367(c)(4). (Id. at 8.) The Court therefore dismissed Plaintiff's Unruh Act claim without prejudice. Only Plaintiff's ADA claim remains pending before the Court.

**II.     Discussion**

    **A.     Liability**

Federal Rule of Civil Procedure 55(b)(2) grants the Court the power to enter a default judgment. The Court need not make detailed findings of fact in the event of a default judgment. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990). Factors the Court should consider in evaluating a motion for entry of default judgment include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Default judgments are usually disfavored and cases should be decided on their merits whenever reasonably possible. Id. at 1472.

The Court finds that these factors weigh in favor of granting Plaintiff's Application. In light of the well-pleaded allegations in the Complaint and Defendants' failure to answer or otherwise participate in the action, Plaintiff's interest in an efficient resolution of the case outweighs Defendants' interest in adjudication on the merits. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-01075 PA (SHKx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | Chris Langer v. Steve R. Anaya et al | | |

Because the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Civil Rights Act claim and dismissed it without prejudice, the Court only grants Plaintiff's Application with respect to liability for violations of the ADA. The Court notes that, even if Plaintiff's Unruh claim had not already been dismissed pursuant to 28 U.S.C. § 1367(c)(4), the Court would still decline to exercise supplemental jurisdiction at this stage pursuant to § 1367(c)(3) because it has resolved the ADA claim, and thus resolved "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quotations and citation omitted); De La Torre v. CashCall, Inc., 2019 U.S. Dist. LEXIS 18624, at *12 (N.D. Cal. Feb. 5, 2019) ("The elimination of federal claims does not automatically deprive district courts of subject matter jurisdiction over any supplemental state law claims. . . . However, [c]omity and precedent in this circuit strongly disfavors exercising supplemental jurisdiction.") (quotations and citations omitted).

### B. Injunctive Relief

Plaintiff's Application seeks an injunction. (Mot. at 7.) The ADA permits private individuals to seek injunctive relief for public accommodations with architectural barriers. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). When a court has determined that the defendant violated the ADA, "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by [42 U.S.C. § 12181 et seq.]." 42 U.S.C.§ 12188(a)(2). Here, the injunction sought would require Defendant " to provide accessible parking and an accessible path of travel leading to the entrance at The Rock Bin located at 33020 Dowman Street, Lake Elsinore, California, in compliance with the Americans with Disabilities Act Accessibility Standards." (Docket No. 22-2 ("Proposed Order") at 2.) The Court will grant Plaintiff the requested injunctive relief.

### C. Attorney's Fees and Costs

Under Title III of the ADA, a prevailing plaintiff may be awarded reasonable attorneys' fees and litigation costs. See 42 U.S.C. § 12205. "In a case in which a defendant fails to appear or otherwise defend itself . . . the burden of scrutinizing an attorney's fee request – like other burdens – necessarily shifts to the court." Vogel v. Harbor Plaza Ctr., LLC, 893 F.3d 1152, 1160 (9th Cir. 2018)(citing Tuli v. Republic of Iraq (In re Tuli), 172 F.3d 707, 712 (9th Cir. 1999)). While Local Rule 55-3 provides a schedule of fees in the event of default judgment, "if a party seeks a fee 'in excess of' the schedule and timely files a written request to have the fee fixed by the court, then the court must hear the request and award a 'reasonable' fee . . . without using the fee schedule as a starting point." Id. at 1159.

To determine reasonable attorneys' fees, district courts first calculate the "lodestar" by multiplying the number of hours reasonably spent by a reasonable hourly rate. Pierce v. Cnty. of

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-01075 PA (SHKx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | Chris Langer v. Steve R. Anaya et al | | |

Orange, 905 F. Supp. 2d 1017, 1025 (C.D. Cal. 2012) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)). The burden is on the plaintiff to produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Blum, 465 U.S. at 895, n. 11). The burden is also on the plaintiff to submit evidence supporting the hours worked and rates claimed. Gates v. Gomez, 60 F.3d 525, 534 (9th Cir. 1995); Hensley, 461 U.S. at 433. "The applicant should exercise 'billing judgment' with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley, 416 U.S. at 437. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. at 433; see also In re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1306 (9th Cir. 1994) ("[T]he district court was neither obligated to explain what type of records should be submitted nor to request additional information. The burden of presenting the appropriate fee documentation rests squarely on the shoulders of the attorneys seeking the award."). "[P]laintiff's counsel can meet this burden - although just barely - by simply listing his hours and 'identifying the general subject matter of his time expenditures.'" Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting Davis v. City and Cnty. of S.F., 967 F.2d 1536, 1542 (9th Cir. 1992) vacated in part on other grounds by 984 F.2d 345 (9th Cir. 1993)). However, the Court "should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting Hensley, 461 U.S. at 434).

  Here, Plaintiff is the prevailing party, and an award of attorneys' fees is appropriate. See Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002). Plaintiff seeks an award of attorneys' fees in the amount of $5,998.50 and costs in the amount of $575.00 (comprised of a filing fee of $400.00, $100.00 for an investigator, and $75.00 in service costs). (Mot., Ex. 3.) According to Plaintiff's counsel, four lawyers worked a total of 10.3 hours on this action. (Id. at 9-10.) Plaintiff has included a billing statement that itemizes these hours. (Id.) Counsel's invoice, however, includes many entries that are "block billed," which makes it impossible to determine how much time was spent on particular tasks, and whether that time was reasonable. See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) ("It was reasonable for the district court to conclude that Welch failed to carry her burden, because block billing makes it more difficult to determine how much time was spent on particular activities."). The Court also notes that many of the time entries are for relatively simple tasks that counsel's firm performs in identical fashion in thousands of other cases the firm has filed. In light of these issues, and the boilerplate nature of much of this work, the Court concludes that reductions in the number of hours claimed is warranted for the following entries:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-01075 PA (SHKx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | Chris Langer v. Steve R. Anaya et al | | |

| Date | Description | Biller | Time |
|---|---|---|---|
| 6/3/2019 | Briefly discussed case with Mr. Langer; contacts with the geographical area for standing purposes and his likelihood of returning to maintain federal jurisdiction; notes to the file | M. Potter | 0.4 |
| 6/4/2019 | Went down my checklist (google satellite, street view, website and Yelp) to assess the business & site to confirm allegations and to give the investigators instructions on what we want photographed and measured; notes to file | M. Potter | 1.3 |
| 6/6/2019 | Reviewed Investigator Sapien report and photos; phone conversation with him regarding the same; notes to file | R. Handy | 0.8 |
| 6/7/2019 | Conducted public records research to determine the identity of the responsible parties and to determine if there had been alterations or modifications that would have triggered stricter Title 24 obligations for this property | R. Handy | 1.8 |
| 6/7/2019 | Drafted the complaint & interoffice barrier memo | R. Handy | 0.7 |
| 8/21/2019 | Drafted the Plaintiff's OSC Response re: Supplemental Jurisdiction and supporting Declaration | R. Handy | 0.5 |
| 10/9/2019 | Drafted the Request for Entry of Default and supporting declaration | P. Grace | 0.5 |
| 11/9/2019 | Selected the photos to be used in the default judgment packet; drafted Sapien's declaration, discussed final draft with him | R. Handy | 0.6 |
| 11/9/2019 | Drafted Langer's declaration, discussed final draft with him | R. Handy | 0.3 |
| 11/12/2019 | Drafted the default judgment with my declaration and supporting exhibits, reviewed the packet and all components to ensure no template remnants | R. Handy | 1.8 |

These entries account for 8.7 of the 10.3 hours Plaintiff's counsel seeks. The Court concludes that a reduction of 50% in these hours is warranted as a result of the block billing, inefficiency, and excessive amount of time for routine and repetitive tasks. The Court therefore concludes that 5.95 hours is a reasonable number of hours for the work performed in this action (50% of the 8.7 hours plus the 1.6 remaining hours the Court has not reduced).

Plaintiff also seeks hourly rates of $595.00 for attorneys Mark Potter and Russell Handy, $550.00 for Phyl Grace, and $410.00 for Amanda Seabock. (Mot., Ex. 3 ¶¶8-11.) Counsel declares these rates

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-01075 PA (SHKx) | Date | January 6, 2020 |
|---|---|---|---|
| Title | Chris Langer v. Steve R. Anaya et al | | |

are "well below the market for an attorney of [their] expertise and experience." (Id. at ¶8.) Mr. Handy has "extensive experience with respect to what attorneys specializing in disability law and civil rights bill for civil litigation and what courts are routinely awarding and can attest that the rates billed by the Center for Disability Access for its attorneys are will within market rates." (Id. at ¶13.) However, these same attorneys requested—and this Court awarded—hourly rates between $350.00 and $425.00 just a few months ago. See Raule Uriarte-Limon v. Jaur & Reyes Corp., CV 19-04692 PA (SSx) (Sept. 23. 2019) (seeking fees at a maximum hourly rate of $425.00 based on Application and Declaration filed on August 21, 2019 (Docket No. 19)); see also Gary Sherer v. Kafco Partnership, CV 19-04085 PA (RAOx) (Sept. 15, 2019) (seeking fees at a maximum hourly rate of $425.00 based on an Application and Declaration filed on August 19, 2019 (Docket No. 19.)). Plaintiff's counsel has not explained how the prevailing rates in the community for similar services have changed since August 2019. Thus, counsel have not shown that it would be reasonable for the Court to award fees that are 30% and 40% higher than what counsel sought as reasonable just a few months ago. Counsel's conclusory assertions do not satisfy their burden to justify the rates of $410.00, $550.00, and $595.00 per hour that they seek. The Court will instead award $350.00 per hour rate for Amanda Seabock and $425.00 per hour rate for Phyl Grace, Mark Potter, and Russell Handy. These rates are substantial for the type and quality of work involved in this action. The Court therefore awards Plaintiff $2,498.75 in attorney's fees (5.55 hours times $425.00 per hour rate, plus 0.4 hours times $350.00 per hour rate).

Finally, Plaintiff seeks an award of litigation costs. The Court will award Plaintiff the filing fee of $400.00. However, because Plaintiff has not provided bills or supporting evidence, other than Plaintiff's counsel's own invoice, to support the $100.00 for the investigator and $75.00 in service costs, Plaintiff has not adequately established the reasonableness or recoverability of these costs and the Court is unable to determine the amount of additional costs to which Plaintiff might be entitled. The Court therefore denies Plaintiff's remaining costs without prejudice to his filing an Application to Tax Costs pursuant to Local Rule 54.

## Conclusion

Plaintiff's Application for Default Judgment is granted as to the ADA claim. The Court grants Plaintiff the injunctive relief he seeks, and awards him $2,498.75 in attorneys' fees and $400.00 in costs. The Court will enter a Judgment and Permanent Injunction consistent with this Order.

IT IS SO ORDERED.